United States District Court
Middle District of Florida
Orlando Division

ALFRED MICHAEL WEISS,

       *Plaintiff,*

v.                                    **No. 6:14-cv-1741-Orl-41PDB**

COMMISSIONER OF SOCIAL SECURITY,

       *Defendant.*

---

# Report & Recommendation

The plaintiff has filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of the Commissioner of the Social Security Administration denying his claims for disability-insurance benefits and supplemental-security income. Doc. 1. The Commissioner originally filed the transcript and answered, asking the Court to affirm the decision. Doc. 12. But after the plaintiff filed a brief, Doc. 16, the Commissioner moved to reverse the decision and remand the case under sentence four of section 405(g) and section 1383(c)(3) for further proceedings before an Administrative Law Judge ("ALJ"). Doc. 17. The plaintiff does not oppose the motion. Doc. 17 at 2. I recommend granting it.

Section 405 applies to the disability-insurance program. Section 1383(c)(3) applies to the supplemental-security-income program. The regulations for both "are essentially the same." *Bowen v. City of New York*, 476 U.S. 467, 470 (1986). Section 405(g) provides that any person may obtain district-court review of a final decision of

the Commissioner made after a hearing. Sentence four of section 405(g) provides that a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing." Section 1383(c)(3) provides, "The final determination of the Commissioner … after a hearing … shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." A court's review of an ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports her findings. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

In his brief, the plaintiff argues reversal and remand are warranted because the ALJ applied the incorrect legal standards when she relied solely on the Medical-Vocational Guidelines ("the grids") to find no disability after finding he had significant non-exertional limitations. Doc. 16 at 8–14. The Commissioner agrees reversal and remand are warranted. Doc. 17 at 1–2.

A court is "not required to accept … a concession [of error] when the law and record do not justify it." *United States v. Linville*, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000); *see also Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("court has the discretion to accept or reject a concession" from a party; citing cases). Here, the law and record warrant accepting the Commissioner's concession.

The Social Security Administration has established a five-step sequential process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a).

Under the process, the ALJ asks: (1) is the claimant engaged in substantial gainful activity; (2) does he have a severe impairment or combination of impairments; (3) does the impairment meet or equal the severity of any impairment in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App'x 1; (4) based on a residual-functional-capacity assessment, can he perform any of his past relevant work despite the impairment; and (5) given his residual functional capacity, age, education, and work experience, are there a significant number of jobs in the national economy that he can perform. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

The step-five determination may be accomplished by application of the grids or use of a vocational expert. *Id.* at 1239–40. The grids consider the claimant's age, exertional limitations,[1] educational deficiencies, inability to speak English, and lack of job experience, and direct "a statutorily-required finding" of either disabled or not disabled. *Id.* The grids use unskilled jobs as the occupational base at each exertional level. 20 C.F.R. Part 404, Subpart P, App'x 2 § 200.00(b). Although the "general rule is that after determining the claimant's [residual functional capacity] and ability or inability to return to past relevant work, the ALJ may use the grids" to determine if the claimant can perform other jobs, "exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a

---

[1]Exertional limitations concern a claimant's ability to meet strength demands of a job (sitting, standing, walking, lifting, carrying, pushing, and pulling). 20 C.F.R. §§ 404.1569a(b), 416.969a(b). Nonexertional limitations concern functional or environmental job requirements, such as balancing, reaching, and exposure to excessive dust. 20 C.F.R. §§ 404.1569a(c), 416.969a(c); Social Security Ruling 83-14, 1983 WL 31254 (1983).

given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips*, 357 F.3d at 1242 (quoted authority omitted; emphasis in *Phillips*). If either circumstance exists, the ALJ must consult a vocational expert. *Id.*

Here, the ALJ found the plaintiff could perform work at any exertional level but was limited to simple, routine tasks; no exposure to the public; occasional collaborative efforts with coworkers and supervisors; and jobs with articulated production schedules that do not require independent goal-setting judgments. Tr. 16. She then found the limitations do not preclude a wide range of employment because the limitations concerning exposure to the public and working with others are "consistent with a significant number of unskilled jobs." Tr. 25. But she cited no evidence to support that finding. "Absent testimony from a vocational expert, the ALJ's conclusion that [the claimant's] mental limitations do not significantly compromise [his] basic work skills or are not severe enough to preclude [him] from performing a wide range of light work is not supported by substantial evidence." *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989). Courts in this circuit have found similar limitations could at least potentially significantly limit basic work skills. *See, e.g.*, *Welcz v. Comm'r of Soc. Sec.*, No. 6:12-cv-106-Orl-22GJK, 2012 WL 7006308, at *13 (M.D. Fla. Dec. 17, 2012) (unpublished) (routine tasks); *Byrd v. Astrue*, No. 08-00584-KD-B, 2010 WL 551391, at *6–7 (S.D. Ala. Feb. 10, 2010) (unpublished) (limitations on interacting with people). Without apparent substantial evidence to

support the ALJ's finding that the assessed limitations do not preclude a wide range of employment, accepting the Commissioner's concession is warranted.

The Commissioner requests direction to the ALJ to: (1) further consider the plaintiff's residual functional capacity, including mental limitations as evaluated using the special technique from 20 C.F.R. §§ 404.1520a and 416.920a, and provide an appropriate rationale and citations to evidence to support the assessed limitations; (2) obtain evidence from a vocational expert concerning the effects of the assessed limitations, including documented non-exertional limitations, on the plaintiff's occupational base; and (3) evaluate the plaintiff's substance abuse in accordance with Social Security Ruling 13-2p, 78 Fed. Reg. 11939 (Feb. 20, 2013). Doc. 17 at 1–2. The plaintiff does not oppose those directions, and they appear appropriate to ensure appropriate consideration of his claims.

Concluding that reversal and remand are warranted, I recommend the Court:

1. **grant** the Commissioner's motion, Doc. 17;

2. **reverse** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3);

3. **remand** the case with directions to (1) further consider the plaintiff's residual functional capacity, including mental limitations as evaluated using the special technique in 20 C.F.R. §§ 404.1520a and 416.920a, and provide an appropriate rationale and citations to evidence to support the assessed limitations; (2) obtain evidence from a vocational expert concerning the effect of the assessed limitations, including documented non-exertional limitations, on the plaintiff's occupational base; and (3) evaluate the plaintiff's substance abuse in accordance with Social Security Ruling 13-2p; and

5

4. **direct** the clerk to enter judgment in favor of the plaintiff and close the case.[2]

**Entered** in Jacksonville, Florida, on September 4, 2015.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of Record

---

[2]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.