United States District Court
Middle District of Florida
Orlando Division

**ALFRED MICHAEL WEISS,**

    *Plaintiff,*

v.                                                            **NO. 6:14-cv-1741-Orl-41PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

## Report and Recommendation

The Court earlier reversed the Commissioner of the Social Security Administration's denial of Alfred Michael Weiss's claim for benefits and, under sentence four of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), remanded for further proceedings. Doc. 19. He now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, $2,957.76 in attorney's and paralegal's fees. Doc. 21 ¶ 8. The Commissioner does not oppose the motion. Doc. 21 ¶ 11. I recommend granting it.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested them, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. §2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). An EAJA request must allege the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if alleged, the Commissioner must show it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth one, no equitable consideration is apparent or presented that would make an EAJA award unjust. Weiss prevailed because the Court ordered a sentence-four remand. Doc. 19. His October 12, 2015, motion, Doc. 21, was timely because he made it before the Court's October 2, 2015, judgment, Doc. 20, became final. He represents his net worth did not exceed $2 million when he filed this case, Doc. 21 ¶ 7, and there is no reason to reject that representation. His motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 21 ¶ 6, and the Commissioner has not tried to satisfy her burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. He is eligible to

receive an EAJA award, and the only remaining issue is whether the requested amounts are reasonable.

To determine if requested attorney's fees are reasonable, a court should examine the requested rate and hours and exclude any unnecessary time. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Jean*, 496 U.S. at 160–61 (applying *Hensley* to EAJA). The fees must be based on "prevailing market rates for the kind and quality of the services furnished" but cannot exceed $125 per hour unless a cost-of-living increase after 1996 or another special factor "justifies" a higher amount. 28 U.S.C. § 2412(d)(2)(A)(ii). The cost-of-living increase is not automatic. *Oliveria v. United States*, 827 F.2d 735, 742 (Fed. Cir. 1987). A claimant "must still produce satisfactory evidence that the increase in the cost of living 'justifies' the rate requested." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). In other words, he must produce satisfactory evidence that the rate he requests is in line with those prevailing in the community for similar services by attorneys of comparable skill and experience. *Id.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community is where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). "[A] court … is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an

3

independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). Paralegal's fees are allowable at the prevailing market rate for paralegal services, *Richlin Sec. Serv. Co. v. Chertoff,* 553 U.S. 571, 581 (2008); *Missouri v. Jenkins,* 491 U.S. 274, 285–86 (1989), but should not be awarded at paralegal rates if for purely clerical or secretarial tasks. *Jenkins,* 491 U.S. at 288 n.10.

Weiss provides a breakdown of hours worked and work performed by two attorneys (2.5 hours for Richard Culbertson and 3.6 hours for Sarah Fay, both at $189.67 for 2015 and $190.06 for 2014) and one paralegal (24 hours for Michael Culbertson at $75), for a total of 30.1 hours and $2957.76.[1] Doc. 21 at 2, 8. For the attorneys, he requests the maximum allowable rate ($125 adjusted by the Consumer Price Index for inflation). Doc. 21 at 9–10. He does not try to justify the requested rates as the prevailing market rate in Orlando for similar services by attorneys or paralegals of reasonably comparable skills, experience, and reputation, though he observes this Court has awarded $75 an hour for paralegals in other cases. Doc. 21 at 10 (citing *Carr v. Comm'r,* No. 5:10-cv-685-Oc-TBS, 2012 WL 1090648, at *2 n.6 (M.D. Fla. Apr. 2, 2012) (unpublished), and *Lopez v. Astrue,* No. 8:11-cv-9-T-TGW, 2011 WL 5358713, at *2 (M.D. Fla. Oct. 31, 2011) (unpublished)). The Florida Bar website indicates Richard Culbertson has been a member since 1991, and Fay has been a

---

[1]On pages 2 and 8, Weiss presents figures totaling 30.1 hours. The schedules at pages 12–14 present figures totaling 30.6 hours. Because the charts on pages 2 and 8 contain times and hourly rates that comport with the total amount requested, the Court will use the figures on pages 2 and 8 for its analysis.

4

member since 2011. *See* "Find a Lawyer" on www.floridabar.org. It is known in the legal community and reflected in their many appearances in social-security cases in this Court that both specialize in social-security work.

The requested rates are reasonable. The Consumer Price Index suffices as proof of an increase in the cost of living, and, based on the Court's own knowledge and experience, the requested attorney's fees are in line with those prevailing in Orlando for similar services by attorneys of comparable skill and experience to Richard Culbertson and Ms. Fay. Nothing is known about Michael Culbertson's skill and experience as a paralegal, but, again based on the Court's own knowledge and experience, the requested paralegal's fees are in line with those prevailing in Orlando for services of paralegals with even little experience. The number of hours are reasonable in light of the services provided, which included preparing a plain and concise complaint, Doc. 1, reviewing a 662-page transcript, Doc. 14, and preparing a 15-page memorandum that set forth a thorough summary of the administrative proceedings and a well-reasoned argument, Doc. 16. None of the work performed was clerical or secretarial, and none appears excludable as unnecessary. *See generally* Doc. 21 at 12–14.

An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Because Weiss is eligible and his requested attorney's and paralegal's fees are reasonable, the Court recommends granting his motion, Doc. 21, and awarding him those fees, leaving to the Commissioner's discretion whether to

accept his assignment of EAJA fees to his attorneys after determining if he owes a federal debt.

Thus, I recommend that the Court:

1. **grant** Weiss's EAJA motion, Doc. 21;

2. **award** Weiss $2957.76 in attorney's and paralegal's fees; and

3. **direct** the clerk to enter judgment in favor of Weiss and against the Commissioner for $2957.76 in attorney's and paralegal's fees.[2]

**Entered** in Jacksonville, Florida, on December 1, 2015.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of Record

---

[2] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.